IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Association of Jewish Camp Operators**, <br><br> **Samuel Werzberger, MD, FAAP**, <br><br> **Ariela Orkaby, MD, MPH**, <br><br> **Beth Statfeld**, <br><br> **Gail Zahtz**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **Andrew M. Cuomo**, Governor of the State of New York, in his official capacity, <br><br> *Defendant*. | Case No. 1:20-CV-0687 (GLS-DJS) |

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Plaintiffs, by and through their undersigned counsel Troutman Sanders LLP, respectfully request that this Court enter a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P 65 against Defendant Governor Andrew M. Cuomo and all those acting in concert with him from enforcing his in-person gathering and "non-essential" business closure restrictions to bar all Jewish overnight camps from operating this summer. The grounds for emergency relief are summarized as follows:

1.       Plaintiff Association of Jewish Camp Operators (the "Association") is a consortium of independent Jewish summer camps that have a shared commitment to creating immersive and unique camp environments to instill traditional religious Jewish values to children. The members

of the Association serve more than 40,000 Jewish children at camps in New York each summer. These camps were set to commence this summer on or about June 25, 2020.

2. The Parent-Plaintiffs are all sincere practitioners of Judaism who previously have sent their children to Jewish overnight camps and desire to send their children to Jewish overnight camps in New York this summer because they believe the unique, immersive experience offered by the overnight camps constitute an essential component of their children's education and religious growth and wellbeing.

3. As shown in the accompanying memorandum of law and declarations, the infection rate of COVID-19 in New York has dramatically slowed since March. Data demonstrates that COVID-19 health concerns and transmission rates in children are significantly lower than in the rest of the population, and Jewish overnight camps, in consultation with an esteemed group of physicians and health policy professionals, have developed strict health and safety protocols to prevent the introduction and spread of COVID-19 at camp.

4. Defendant recently made a broad First Amendment exception from his restrictions for First Amendment activities that he favors, creating an exemption for mass protests of racial injustice, explicitly proclaiming agreement with the message invoked by the protestors and actively encouraging the mass gatherings. Defendant also has allowed a wide array of similar, secular activities to remain open, such as numerous "non-essential" businesses and entities, child care services for "essential" workers, summer day camps, and special education services, provided that such entities follow health guidelines issued by the New York Department of Health to prevent the transmission of COVID-19.

5. Late in the afternoon on Friday, June 12, 2020, Defendant announced that he would not exempt Jewish overnight camps from his gathering and closure restrictions. This absolute ban

came despite the health and safety protocols developed by Jewish overnight camps in consultation with physicians and health policy professionals.  These protocols are similar to, and even more protective than, those issued by the Department of Health governing comparable secular conduct, such as day camps and child care services.

6. Defendant's restrictions prevent each member of the Association from opening its Jewish overnight camp this summer and bar Parent-Plaintiffs from sending their children to Jewish overnight camps in New York this summer, rending such conduct illegal and subject to penalty.

7. As set forth in the accompanying Memorandum of Law, Declarations, and Exhibits, Defendant's discriminatory enforcement of his gathering and closure restrictions against Jewish overnight camps violates Plaintiffs' free exercise of religion by prohibiting Plaintiffs' ability to send their children to Jewish overnight camps and to instill Jewish values and religious practices, as well as Parent-Plaintiffs due process and hybrid free exercise and due process rights to direct the religious education of their children.

8. Plaintiffs simply request that Defendant treat Jewish overnight camps, with their essential religious elements protected by the First Amendment to the United States Constitution, the same as other First Amendment conduct that Defendant favors and has exempted from his restrictions, as well as the other secular conduct comparable to overnight camps that Defendant has allowed provided that they adhere to health and safety protocols similar to those that Jewish overnight camps would implement.

9. Plaintiffs will suffer irreparable harm in the absence of a temporary restraining order and preliminary injunction, as the statewide closure of Jewish overnight camps would require Plaintiffs to sacrifice the provision of constitutionally-protected religious practice, education, and child-rearing.  The balance of the hardships tips strongly in Plaintiffs' favor, as the strict health

and safety protocols that the Jewish overnight camps have implemented would safeguard against the transmission of the virus, as evidenced by the similar protocols the State has imposed on comparable secular conduct. Finally, injunctive relief would serve the public interest in securing the right to the free exercise of religion.

10. In support of this Motion, Plaintiffs rely on the accompanying Memorandum of Law, the Declarations of Daniel S. Berman, MD; Meir Frischman; Avi Schick; Rabbi Avrohom Schwartz; Ariela Orkaby Sherman, MD, MPH; Gail Zahtz; and the Exhibits attached thereto.

WHEREFORE, Plaintiffs request:

(a) that a temporary restraining order be issued by this Court enjoining Defendant and all those acting in concert with him from enforcing his executive orders to ban all Jewish overnight camps this summer, and that such relief be granted **on or before June 25, 2020** so that Jewish overnight camps can commence without delay to ensure that Jewish children can begin engaging in religious practices and education in an immersive, secluded environment, which is particularly urgent given the closure of the yeshiva schools and lack of religious instruction since early-March;

(b) such other relief as this Court deems proper.

Plaintiffs request that the Court waive bond or require only a nominal bond.

This 22nd day of June, 2020.

/s/ _____
Avi Schick
avi.schick@troutman.com

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY  10022
(212) 704-6000

Misha Tseytlin (WI Bar No. 102199)
misha.tseytlin@troutman.com
*Pro Hac Vice Pending

TROUTMAN SANDERS LLP
227 W. Monroe Street, Suite 3900
Chicago, IL  60606
(312) 759-1920

W. Alex Smith (GA Bar No. 532647)
alex.smith@troutman.com
*Pro Hac Vice Pending

TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia  30308
(404) 885-3000

*Attorneys for Plaintiffs*