**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Association of Jewish Camp Operators**, ) | |
| ) | |
| **Samuel Werzberger, MD, FAAP**, ) | |
| ) | |
| **Ariela Orkaby, MD, MPH**, ) | |
| ) | |
| **Beth Statfeld**, ) | |
| ) | |
| **Gail Zahtz**, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| *v.* ) | Case No. 1:20-CV-0687 (GLS-DJS) |
| ) | |
| **Andrew M. Cuomo**, Governor of the ) | |
| State of New York, in his official capacity, ) | |
| ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## ORDER TO SHOW CAUSE

**Sharpe**, United States District Judge:

**THIS MATTER** coming before the Court on the Motion of Plaintiffs for a Temporary Restraining Order and a Preliminary Injunction and Order to Show Cause why a Temporary Restraining Order should not issue; and

**THE COURT NOTING** that Plaintiffs, which include an association of independent Jewish summer camps, the members of which want to instill Jewish values and religious practices to Jewish children this summer, and four individuals of the Jewish faith who wish to send their children to Jewish overnight camps, allege that Defendant, the Governor of the State of New York, is violating their constitutional rights by enforcing his executive orders relating to the COVID-19 pandemic. Plaintiffs specifically allege that Defendant's enforcement of his in-person gathering and closure

restrictions to institute a statewide ban of all Jewish overnight camps this summer violates their free exercise of religion and due process rights guaranteed by the First and Fourteenth Amendments of the United States Constitution;

**THE COURT NOTING** that Plaintiffs have requested that Defendant and all those acting in concert with him be temporarily restrained and preliminary and permanently enjoined from enforcing his executive orders to close all Jewish overnight camps during the summer of 2020;

**THE COURT NOTING** that Plaintiffs seek this relief to be effective on or before June 25, 2020, which is the date by which Jewish overnight camps were set to commence;

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why the Court should employ an expedited procedure under Local Rule 7.1(e) given the immediacy of Plaintiffs' application.

**IT IS HEREBY ORDERED** that Plaintiffs' application is granted such that the Court will employ an expedited procedure to hear this matter.

**IT IS FURTHER ORDERED THAT**:

1. Defendant show cause why a temporary restraining order and preliminary injunction should not be issued under Federal Rule of Civil Procedure 65 granting Plaintiffs the following relief:

   Restraining Defendant and all those acting in concert with him from enforcing his executive orders in a manner that would prohibit all Jewish overnight camps in the State of New York from operating this summer.

2. Defendant must submit a brief on this issue of no more than 25 pages on or before _____.

3. Plaintiff may submit a brief in reply of no more than 10 pages on or before _____.

4.  The Court shall hold a temporary restraining order and preliminary injunction hearing at _____.  The hearing shall be held via videoconference.  The Court shall provide the necessary link to counsel via email prior to hearing.

5.  If either party wishes to introduce testimony at the hearing, it must provide reasonable advance notice to the Court and the other party prior to the hearing.

6.  Plaintiff must serve a copy of this Order and the papers on which it is based on Defendant on or before _____.


Dated:        June ___, 2020              _____
                                          Gary L. Sharpe
                                          United States District Judge