UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ASSOC. OF JEWISH CAMP OPERATORS, et al.

                                                  *Plaintiffs*,

              -against-                                   20-CV-00687

ANDREW M. CUOMO, Governor of the State of New          (GLS)(DJS)
York, in his official capacity,

                                                  *Defendants*.

---

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER OPPOSITION TO
PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTIVE RELIEF**

                                                  LETITIA JAMES
                                                  Attorney General of the State of New York
                                                  Attorney for Defendant Andrew M. Cuomo
                                                  The Capitol
                                                  Albany, New York  12224

Chris Liberati-Conant
Assistant Attorney General, of Counsel
Bar Roll No. 700466
Telephone:  (518) 776-2584
christopher.liberati-conant@ag.ny.gov                               Date: July 1, 2020

**PRELIMINARY STATEMENT**

Defendant Andrew Cuomo, in his official capacity as Governor of the State of New York, submits this supplemental memorandum of law in further opposition to preliminary relief, as permitted by the Court in its decision of June 30, 2020. As the State demonstrated in its initial submissions opposing preliminary relief, plaintiffs did not meet their high burden of demonstrating entitlement to a temporary restraining order or preliminary injunction. Accordingly, this memorandum of law and the accompanying Supplemental Declaration of Brad Hutton are limited to addressing questions raised by the Court during the June 30, 2020 argument.

I. **Rational Basis Is the Appropriate Standard of Review for All of Plaintiffs' Claims.**

The standard of review for all of plaintiffs' claims is rational basis. The South Bay and Amato decisions take slightly different paths to reach the rational basis standard. See Amato v. Elicker, 2020 U.S. Dist. LEXIS 87758, *29 (D. Conn. May 19, 2020); South Bay United Pentecostal Church v. Newsom, 2020 U.S. LEXIS 3041 (May 29, 2020). And whether or not an independent "hybrid rights" claim theoretically exists is academic, as the Second Circuit explicitly rejected any greater scrutiny than would apply in a First Amendment analysis. Leebaert v. Harrington, 332 F.3d 134, 144 (2d Cir. 2003) ("We too can think of no good reason for the standard of review to vary simply with the number of constitutional rights that the plaintiff asserts have been violated); Doe v. Mastoloni,

1

No. 3:14-CV-00718 (CSH), 2016 U.S. Dist. LEXIS 17427 (D. Conn. Feb. 12, 2016) (applying rational basis standard of review). The State's reasoned and supported determination to disallow overnight camps from operating in 2020 satisfies rational basis analysis. See generally, Hutton Declaration ("Hutton Decl."), Dkt. No. 17-3, Supplemental Hutton Declaration ("Suppl. Hutton Decl.").

## II. Neither Residential Higher Education nor Day Camps Are Comparable to Overnight Camps

At argument, counsel for plaintiffs argued that plaintiffs are challenging not the Commissioner's determination to disallow the opening of overnight camps in 2020, but the Executive Orders closing all non-essential businesses, as modified by the State's reopening. However, plaintiffs are conflating the Governor's authority to impose restrictions pursuant to Article 2-b of the Executive Law and EOs 202, et seq., with the determination made pursuant to that authority to disallow the opening of overnight camps in summer 2020.

Plaintiffs' reliance on Litzman v. N.Y.C. Police Dep't, 2013 U.S. Dist. LEXIS 162968 (S.D.N.Y. Nov. 15, 2013), is misplaced. In that case, a probationary police officer was disciplined and terminated based on a rule forbidding officers to wear beards over 1 millimeter. The court, in determining that *de facto* exemptions to the rule existed, limited its analysis to exemptions to the 1 millimeter beard rule. For Litzman to be analogous to the facts here, plaintiffs would have to demonstrate that the State had been allowing some overnight camps to open in 2020 while refusing to allow their camps to open.

2

None of the supposed exemptions posited by plaintiff are comparable to the closure of overnight camps. Day camps and colleges do not involve the same level of risk of COVID-19-related harm as overnight camps. See Hutton Decl., ¶¶ 59-80, Suppl. Hutton Decl., ¶¶ 3-25. Two major factors that increase the risk of harm —the congregate eating, sleeping, and activities inherent in overnight camps, and the lack of healthcare resources sufficient to respond to the pandemic—distinguish overnight summer camps from plaintiffs' examples. Id. Counsel for plaintiffs stated at argument that if preliminary relief were granted, 50 to 60 overnight camps would be housing as many as 40,000 children, with children sleeping "eight to 10 or 12" in each "bunkhouse." See Transcript of 6/30/20 hearing, at 22-24. Finally, with respect to theaters, "individuals do not congregate day and night for weeks at a time in a theatre or lobby as children do at overnight camps." Suppl. Hutton Decl., ¶ 28.

### III. Even if Strict Scrutiny Applied, the Closure of Overnight Camps Was Narrowly Tailored to Meet a Compelling State Interest

"Under strict scrutiny, the challenged regulation must be narrowly tailored to promote a compelling Government interest. The statute must use the least restrictive means to achieve its ends. While this is a heavy burden, it is not true that strict scrutiny is strict in theory, but fatal in fact." Evergreen Ass'n v. City of N.Y., 740 F.3d 233, 246 (2d Cir. 2014) (collecting cases) (internal citations and quotation marks omitted). "Controlling the spread of the disease in order to contain the pandemic, minimize deaths, allocate scare hospital resources, and prevent a larger public health catastrophe (with its attendant

3

other negative impacts on society) is a powerful compelling government interest." Murray v. Cuomo, No. 1:20-cv-03571-MKV, 2020 U.S. Dist. LEXIS 86391, at *29 (S.D.N.Y. May 16, 2020). COVID-19 continues to devastate the people and economies of this country and state. See Hutton Decl., ¶¶ 77-81, Suppl. Hutton Decl., ¶¶ 16-19.

The State's determination to close overnight camps was made in furtherance of its compelling interest in combating COVID-19. The determination to close summer overnight camps was narrowly tailored because it is no broader than necessary to meet that interest. Based on facts and data, the Department of Health determined that to open overnight camps in summer 2020 would represent an unacceptable risk to the heath of camp-goers, staff, and the people of this State overall. See generally Hutton Decls. This determination was limited in scope, as day camps have been allowed to open, and in time, as the closure of summer camps is limited to the summer of 2020. See Hutton Decl., ¶62, Exhibit S.  Accordingly, the determination to disallow the operation of overnight summer camps in 2020 survives strict scrutiny review. See Evergreen Ass'n v. City of N.Y., 740 F.3d at 247-248; cf. Emp't Div. v. Smith, 494 U.S. 872, 888 (1990).

## CONCLUSION

Plaintiffs have not met the heavy burden necessary to obtain preliminary injunctive relief. Plaintiffs are not likely to succeed on the merits and have not shown irreparable harm. The balance of hardships weighs in favor of the State, and an order

forcing the opening of overnight camps in 2020 would not be in the public interest.

Accordingly, plaintiffs' application for preliminary injunctive relief should be denied.

Dated: Albany, New York
       July 1, 2020

                              LETITIA JAMES
                              Attorney General of the State of New York
                              Attorney for Defendants Andrew M. Cuomo
                                   and Letitia James
                              The Capitol
                              Albany, New York  12224

                              By: *s/ Chris Liberati-Conant*
                              Chris Liberati-Conant
                              Assistant Attorney General, of Counsel
                              Bar Roll No. 700466
                              Fax:  (518) 915-7738 (Not for service of papers)
                              Email: christopher.liberati-conant@ag.ny.gov

TO:    Bennet J. Moskowitz
          Troutman, Sanders Law Firm - NY Office
          875 Third Avenue
          New York, NY 10022
          *By ECF*