UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ASSOCIATION OF JEWISH CAMP OPERATORS,
SAMUEL WERZBERGER, MD, FAAP,
ARIELLA ORKABY, MD, MPH,
BETH STATFELD, and
GAIL ZAHTZ,

**ANSWER**

20-CV-00687

(GLS)(DJS)

*Plaintiffs*,

-against-

ANDREW M. CUOMO, Governor of the State of New
York, in his official capacity,

*Defendant*.

_____

Defendant Andrew M. Cuomo, in his official capacity as Governor of the State of New

York, answers the complaint as follows:

1.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 1 of the Complaint.

2.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 of the Complaint.

3.        Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 3.

4.        Admits the allegations contained in Paragraph 4 of the Complaint.

5.        Denies all allegations contained in Paragraph 5 of the Complaint, except admits

that on June 12, 2020, the state announced that overnight camps would be closed for the

1

Summer of 2020.

6.     Denies the allegations contained in Paragraph 6 of the Complaint.

7.     Denies the allegations contained in Paragraph 7 of the Complaint.

8.     Denies the allegations contained in Paragraph 8 of the Complaint.

9.     Denies the allegations contained in Paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    Denies the allegations contained in Paragraph 11 of the Complaint.

12.    Denies the allegations contained in Paragraph 12 of the Complaint, except admits that the Complaint seeks a Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Declaratory Judgment, notes that Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction has been denied.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Admits the allegations contained in Paragraph 18 of the Complaint.

19.     Denies the allegations contained in Paragraph 19 of the Complaint, except admits that Plaintiffs rely upon the cited authority.

20.     Denies the allegations contained in Paragraph 20 of the Complaint, except admits that Plaintiffs rely upon the cited authority.

21.     Denies the allegations contained in Paragraph 21 of the Complaint, excep admits that Plaintiffs rely upon the cited authority.

22.     Denies the allegations contained in Paragraph 22 of the Complaint, except admits that Plaintiffs rely upon the cited authority.

23.     Denies the allegations contained in Paragraph 23 of the Complaint, except admits that, on March 7, 2020, Governor Cuomo issued Executive Order 200, which states, in part, "WHEREAS, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and more are expected to continue; and WHEREAS, New York State is addressing the threat that COVID-19 poses to the health and welfare of its residents and visitors . . . "

24.     Denies the allegations contained in Paragraph 24 of the Complaint, except admits that, pursuant to Executive Law § 29-a(1) and Executive Order 200, Governor Cuomo has issued 53 additional Executive Orders (202.1 – 202.53) to date.

25.     Denies the allegations contained in Paragraph 25 of the Complaint, except admits that Executive Order 202.1 was issued on March 12, 2020, and that it states in part: "IN ADDITION, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to issue any directive during a disaster emergency necessary to cope with

the disaster, I hereby issue the following directives for the period from the date of Executive Order through April 11, 2020: . . . Any large gathering or event for which attendance is anticipated to be in excess of five hundred people shall be cancelled or postponed for a minimum of thirty days. Any place of business or public accommodation, and any gathering or event for which attendance is anticipated to be fewer than five hundred people, shall operate at no greater than fifty percent occupancy, and no greater than fifty percent of seating capacity, for thirty days effective on Friday, March 13, 2020, except that any theater seating five hundred or more attendees for a live performance located in a city of one million or more shall not hold any further performances after 5pm on March 12, 2020. …"

26.      Denies the allegations contained in Paragraph 26 of the Complaint, except admits that Executive Order 202.3 was issued on March 16, 2020, and that it contains the following directive: "The directive requiring large gatherings and events to be cancelled or postponed if they had anticipated attendance in excess of 500 people by virtue of Executive Order 202.1 dated March 12, 2020, is hereby amended and modified to require that any large gathering or event (concert, conference, worship service, performance before a large audience, etc.) shall be cancelled or postponed if more than fifty persons are expected in attendance, at any location in New York State until further notice."

27.      Denies the allegations contained in Paragraph 27 of the Complaint, except admits that (a) Defendant issued Executive Order 202.4 on March 16, 2020, and that it contains the following directive: "Notwithstanding any prior directives, every school in the state of New York is hereby directed to close no later than Wednesday, March 18, 2020, for a

period of two weeks, ending April 1, 2020. The state shall reassess at that time whether to extend such closure beyond this date and may continue to suspend the 180 day instructional requirement. The 180 day suspension will be adjusted to the state's allowed closure directive. Schools that exceed the period will not be exempted from the 180-day rule. School districts shall develop a plan for alternative instructional options, distribution and availability of meals, and child care, with an emphasis on serving children of parents in the health care profession or first responders who are critical to the response effort. Such plans shall be submitted to the State Education Department and may be amended or modified by the State Education Department, in consultation with the Department of Health and Office of Children and Family Services at any time. School districts in Nassau County, Suffolk County and Westchester County and the City of New York must submit such plans for approval no later than midnight, March 17, 2020 to the State. …"; that (b) Executive Order 202.14 was issued April 7, 2020 and Executive Order 202.18 was issued on April 16, 2020, and each executive order contains directives that extended the directive in Executive Order 202.4, as amended by Executive Order 202.11 related to the closure of schools statewide; and (c) on April 16, 2020, the governor issued Executive Order 202.28, which continued the directive in Executive Order 202.4, as amended by Executive Order 202.11 related to the closure of schools statewide "to provide that all schools shall remain closed through the remainder of the school year."

28.       Denies the allegations contained in Paragraph 28 of the Complaint, except admits that Defendant issued Executive Order 202.6 on March 18, 2020, and that it contained the following directive: "Effective on March 20 at 8 p.m.: All businesses and not-for-profit

entities in the state shall utilize, to the maximum extent possible, any telecommuting or work from home procedures that they can safely utilize. Each employer shall reduce the in-person workforce at any work locations by 50% no later than March 20 at 8 p.m. Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions. This includes essential health care operations including research and laboratory services; essential infrastructure including utilities, telecommunication, airports and transportation infrastructure; essential manufacturing, including food processing and pharmaceuticals; essential retail including grocery stores and pharmacies; essential services including trash collection, mail, and shipping services; news media; banks and related financial institutions; providers of basic necessities to economically disadvantaged populations; construction; vendors of essential services necessary to maintain the safety, sanitation and essential operations of residences or other essential businesses; vendors that provide essential services or products, including logistics and technology support, child care and services needed to ensure the continuing operation of government agencies and provide for the health, safety and welfare of the public. …".

29.     Denies the allegations contained in Paragraph 29 of the Complaint, except admits that Empire State Development (ESD) issued "Guidance for Determining Whether a Business Enterprise Is Subject to a Workforce Reduction under Recent Executive Orders," updated on June 11, 2020, which stated in part, "ESSENTIAL BUSINESSES OR ENTITIES, including any for-profit or non-profit, regardless of the nature of the service, the function they perform, or its corporate or entity structure, are not subject to the in-person restriction. Essential Businesses must continue to comply with the guidance and

directives for maintaining a clean and safe work environment issued by the Department of Health (DOH) and every business, even if essential, is strongly urged to maintain social distancing measures to the extent possible."

30.     Denies the allegations contained in Paragraph 30 of the Complaint, except admits that on March 20, 2020, Defendant issued Executive Order 202.8, which contains the following directive "The provisions of Executive Order 202.6 are hereby modified to read as follows: Effective on March 22 at 8 p.m.: All businesses and not-for-profit entities in the state shall utilize, to the maximum extent possible, any telecommuting or work from home procedures that they can safely utilize. Each employer shall reduce the in-person workforce at any work locations by 100% no later than March 22 at 8 p.m. Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions. An entity providing essential services or functions whether to an essential business or a non-essential business shall not be subjected to the in-person work restriction, but may operate at the level necessary to provide such service or function. Any business violating the above order shall be subject to enforcement as if this were a violation of an order pursuant to section 12 of the Public Health Law. …".

31.     Denies the allegations contained in Paragraph 31 of the Complaint.

32.     Denies the allegations contained in Paragraph 32 of the Complaint, except admits that on March 23, 2020, the governor issued Executive Order 202.10, which contains the following directive: "Non-essential gatherings of individuals of any size for any reason (e.g. parties, celebrations or other social events) are canceled or postponed at this time."

33.     Denies the allegations contained in Paragraph 33 of the Complaint, except admits

that on April 7, 2020, Defendant issued Executive Order 202.14, which contains the following directive: "The enforcement of any violation of the foregoing directives on and after April 7, 2020, in addition to any other enforcement mechanism stated in any prior executive orders, shall be a violation punishable as a violation of public health law section 12-b(2) and the Commissioner of Health is directed and authorized to issue emergency regulations. The fine for such violation by an individual who is participating in any gathering which violates the terms of the orders or is failing to abide by social distancing restrictions in effect in any place which is not their home shall not exceed $1,000."

34.     Denies the allegations contained in Paragraph 34 of the Complaint, except admits that Defendant issued Executive Orders 202.1, 202.5, and 202.13.

35.     Admits the allegations contained in Paragraph 35 of the Complaint.

36.     Admits the allegations contained in Paragraph 36 of the Complaint.

37.     Denies the allegations contained in Paragraph 37 of the Complaint, except admits that on May 14, 2020, Defendant issued Executive Order 202.31, which contains the following directive: "Executive Order 202.28, which extended the provisions of Executive Orders 202.3, 202.4, 202.5, 202.6, 202.7, 202.8, 202.10, 202.11, 202.13, and 202.14 which each closed or otherwise restricted public or private businesses or places of public accommodation, and which required postponement or cancellation of all non-essential gatherings of individuals of any size for any reason (e.g. parties, celebrations, games, meetings or other social events), which together constitute New York On PAUSE, is hereby continued until 11:59 p.m. on May 28, 2020, unless later amended or extended by a future Executive Order; Provided, however, that effective at 12:01 a.m. on May 15, 2020 that the

reductions and restrictions on the in-person workforce at non-essential businesses or other entities shall no longer apply to Phase One industries

- Construction, Agriculture, Forestry, Fishing and Hunting, Retail - (Limited to curbside or in-store pickup or drop off); Manufacturing and Wholesale Trade;
- Such businesses or entities must be operated subject to the guidance promulgated by the Department of Health;
- Only those businesses or entities in a region that meets the prescribed public health and safety metrics, as determined by the Department of Health, will be eligible for reopening;".

38.     Denies the allegations contained in Paragraph 38 of the Complaint, except admits that on May 21, 2020, Defendant issued Executive Order 202.32, which contained the following directive: "Executive Order 202.10 (as later extended by Executive Order 202.18 and Executive Order 202.29) which prohibited all non-essential gatherings of any size for any reason, is hereby modified to permit a gathering of ten or fewer individuals for any religious service or ceremony, or for the purposes of any Memorial Day service or commemoration, provided that social distancing protocols and cleaning and disinfection protocols required by the Department of Health are adhered to, and provided further, that any drive-in or remote religious service may continue in excess of the ten person limit so long as there is no in-person contact between participants. Vehicle caravans are permitted."

39.     Denies the allegations contained in Paragraph 39, except admits that on May 22, 2020, Defendant issued Executive Order 202.33, which contained the following directive: "Executive Order 202.10, as later extended by Executive Order 202.18, Executive Order 202.29 and as extended and amended by Executive Order 202.32, which prohibited all non-essential gatherings of any size for any reason, except for any religious service or

ceremony, or for the purposes of any Memorial Day service or commemoration, which allowed ten or fewer individuals to gather, provided that social distancing protocols and cleaning and disinfection protocols required by the Department of Health are adhered to is hereby modified to permit any non-essential gathering of ten or fewer individuals, for any lawful purpose or reason, provided that social distancing protocols and cleaning and disinfection protocols required by the Department of Health are adhered to. …".

40.     Denies the allegations contained in Paragraph 40, except admits that on May 28, 2020, Defendant issued Executive Order 202.34, which contains a directive that states "Businesses or entities open pursuant to Department of Health guidance must be operated subject to the guidance promulgated by the Department of Health. …" and a directive that identifies "the regions meeting the prescribed public health and safety metrics required for Phase One reopening."

41.     Denies the allegations contained in Paragraph 41, except admits that on May 29, 2020, Defendant issued Directive 202.35, which contains the following directive: "Executive Order 202.34, which extended the provisions of Executive Orders 202.3, 202.4, 202.5, 202.6, 202.7, 202.8, 202.10, 202.11, 202.13, 202.14, 202.28, and 202.31 which each closed or otherwise restricted public or private businesses or places of public accommodation, and Executive Order 202.32 as modified by Executive Order 202.33 which required postponement, cancellation, or restriction on size of all non-essential gatherings of more than ten individuals, and which together constitute New York On PAUSE, is hereby continued until and unless later amended or extended by a future Executive Order, provided, however: That effective at 1:00 p.m. on May 29, 2020 that the

reductions and restrictions on the in-person workforce at non-essential businesses or other entities shall no longer apply to Phase Two industries:

- Professional Services, Administrative Support, Information Technology,
- Real estate services, Building and Property Management, Leasing, Rental, and Sales Services,
- Retail In-store Shopping, Rental, Repair, and Cleaning,
- Barbershops and Hair Salon (limited services), and
- Motor Vehicle Leasing, Rental, and Sales. …".

42.      Denies the allegations contained in Paragraph 42, except admits that on June 2, 2020, Defendant issued Directive 202.36, which contained the following directives: "The directive contained in Executive Order 202.7, as extended, requiring all barbershops, hair salons, tattoo or piercing parlors and related personal care services to be closed to members of the public is hereby modified to allow for the opening of barbershops and hair salons, only to the extent and in regions consistent with Department of Health guidance promulgated for Phase Two industries reopening. …" and "Any region that meets the prescribed public health and safety metrics as determined by the Department of Health for Phase One reopening may allow outdoor, low-risk recreational activities and businesses providing such activities, as determined by Empire State Development Corporation, to be permitted to operate, in accordance with Department of Health guidance".

43.      Denies the allegations contained in Paragraph 43, except admits that on June 2, 2020, Defendant stated in part, "Summer day camps are going to open on June 29th. We're still reviewing the situation with sleep away camps" and "You look at the progress we have made — it's breathtaking. How far we've come and how fast we've come. …".

44.      Denies the allegations contained in Paragraph 44, except admits that on June 5,

2020, Defendant issued Executive Order 202.37, which states in part "I hereby direct, for the period from the date of this Executive Order through July 5, 2020 the following: Notwithstanding any prior Executive Order to the contrary, special education services and instruction required under Federal, state or local laws, rules, or regulations, may be provided in person for the summer term in school districts. Any district providing such services in person must follow State and Federal guidance."

45.     Denies the allegations contained in, except admits that on June 6, 2020, Defendant issued Executive Order 202.38, which contains the following directive: "Executive Order 202.35 which continued the directive of Executive Order 202.33 is hereby modified to permit any non-essential gatherings for houses of worship at no greater than 25% of the indoor capacity of such location, provided it is in a geographic area in Phase 2 of re-opening, and further provided that social distancing protocols and cleaning and disinfection protocols required by the Department of Health are adhered to."

46.     Denies the allegations contained in Paragraph 46, except admits that on June 7, 2020, Defendant stated "Based on today's numbers we can continue to advance our reopening, and we will now allow outdoor graduations of up to 150 beginning June 26th. New Yorkers have worked together to bend this curve quickly, and if we continue on this trajectory, remain responsible and follow all social distancing protocols, we can keep accelerating our reopening strategy."

47.     Denies the allegations contained in Paragraph 47, except admits that on June 8, 2020, the New York State Department of Health issued Interim Guidance for Child Care and Day Camp Programs During the COVID-19 Public Health Emergency," which states

in part that it "was created to provide owners/operators of child care and day camp programs and their employees, parents/guardians and visitors with precautions to help protect against the spread of COVID-19. This guidance applies only to day child care and camp programs. It does not include overnight child care and camp programs, which are not authorized to operate at this time. …"

48.      Denies the allegations contained in With respect to Paragraph 48, except admits that on June 11, 2020, Governor Cuomo stated in part: "As we're entering the summer public pools and playgrounds we're going to leave to open or keep closed in the discretion of local governments. But they have to use their judgment here. Again, they have the test data, they should be studying the test data, they should be looking at those positives and see where the positives are coming from. If the positives are in a cluster, a neighborhood that has that pool, don't open the pool. Well everybody wants to swim, I understand. Everybody doesn't want to see a spike in COVID again. So, use your judgment. Sometimes yes is not the right answer. It's the easy answer."

49.      Denies the allegations contained in Paragraph 49, except admits that on June 13, 2020, Defendant issued Executive Order 202.41, which contains directives stating:

"Executive Order 202.35, which extended the provisions of Executive Orders 202.3, 202.4, 202.5, 202.6, 202.7, 202.8, 202.10, 202.11, 202.13, 202.14, 202.28, and 202.31, and 202.34 which each closed or otherwise restricted public or private businesses or places of public accommodation, and Executive Order 202.38 which required postponement, cancellation, or restriction on size of all non-essential gatherings of more than ten individuals, and which together constitute New York On PAUSE, is hereby continued until and unless later

amended or extended by a future Executive Order, provided, however:

"That effective on June 12, 2020, the reductions and restrictions on the in-person workforce at non-essential businesses or other entities shall no longer apply to Phase Three industries, as determined by the Department of Health, in eligible regions, including:

- Restaurants / Food Services; and
- Personal Care.
- Businesses or entities in industries open in Phase Three must be operated subject to the guidance promulgated by the Department of Health."

50.     Denies the allegations contained in Paragraph 50, except admits that on June 15, 2020, Defendant issued Executive Order 202.42, which contains the following directive: "The directive contained in Executive Order 202.35, as extended and as amended by Executive Order 202.38, which amended the directive in Executive Order 202.10 that limited all non-essential gatherings to ten or fewer individuals, is hereby further modified to allow twenty-five (25) or fewer individuals, for any lawful purpose or reason, provided that the location of the gathering is in a region that has reached Phase 3 of the State's reopening, and social distancing protocols and cleaning and disinfection protocols required by the Department of Health are adhered to."

51.     Denies the allegations contained in , except admits that Executive Order 202.14 states "The enforcement of any violation of the foregoing directives on and after April 7, 2020, in addition to any other enforcement mechanism stated in any prior executive orders, shall be a violation punishable as a violation of public health law section 12-b(2) and the Commissioner of Health is directed and authorized to issue emergency regulations. The fine for such violation by an individual who is participating in any gathering which violates

the terms of the orders or is failing to abide by social distancing restrictions in effect in any place which is not their home shall not exceed $1,000"; admit that Executive Order 202.41 extended provisions of Executive Order 202.42.

52.     Denies the allegations contained in Paragraph 52, except admits that on June 12, 2020, New York State Health Commissioner Dr. Howard Zucker issued a statement that reads in part "Using the best currently available science and data, I have reached a decision to prohibit overnight children's camps from operating this season in New York State. …"

53.     Denies the allegations contained in Paragraph 53 of the Complaint.

54.     Denies the allegations contained in Paragraph 54 of the Complaint.

55.     Admits the allegations contained in Paragraph 55 of the Complaint.

56.     Denies the allegations contained in Paragraph 56 of the Complaint.

57.     Denies the allegations contained in Paragraph 57 of the Complaint.

58.     Denies the allegations contained in Paragraph 58 of the Complaint, except admits that, on June 1, 2020, in response to a question at a one-hour press conference, Governor Cuomo stated, "No, I think you can protest, but do it smartly and intelligently and many places have. You look at places around the country. There were protests all across the country. Protest. Just be smart about it."

59.     Denies the allegations contained in Paragraph 59 of the Complaint, except admits that, at a press conference on June 2, 2020, Governor Cuomo stated, in part: "On the protestors, they're outraged. By the way, I agree with them. What happened to Mr. Floyd was a disgrace. It was repugnant to America. It was repugnant to any good policing perspective or strategy or approach. And it's not just Mr. Floyd, this was not an isolated

instance. It goes back to Rodney King and Amadou Diallo and Abner Louima and Eric Garner and cases just like it all across this country. At one point, enough is enough and people say I can't believe this is still going on after all of this time. Rightful outrage."

60.     Denies the allegations contained in Paragraph 60 of the Complaint, except admits that, on June 4, 2020, at a press conference, Governor Cuomo stated, in part "With the issue of the protestors, I share the outrage over not just Mr. Floyd's murder but what it represents: one in long string of criminal injustices. It is a metaphor for the systemic racism and injustice that we have seen. And I stand with the protestors in the point that we need meaningful reform. I also believe that change, although very often necessary, is very hard to effectuate in society. We all say change, change, change, but the truth is the status quo has tremendous energy and it is very hard to change the status quo. It is very hard to bring about meaningful change and it only happens when the people get fully mobilized and informed, and that is when you see change."

61.     Denies the allegations contained in Paragraph 61 of the Complaint, except admits that on June 9, Governor Cuomo stated, in part: "We're dealing with two separate situations, the COVID virus and the civil unrest, after Mr. Floyd's murder. They are separate, they have to be dealt with separately, there's obviously also an intersection between the two, the protests also cause a complication on dealing with the COVID virus so, it's a complex situation but we're dealing with it," and admit that on June 11, 2020, Governor Cuomo stated "You have these two major crises going on at the same time. They actually intersect with the protestors being a mass gathering at the time of COVID."

62.     Denies the allegations contained in Paragraph 62 of the Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63, except admits hat theaters have not been allowed to re-open until Phase 4 of the State's re-opening plan.

64.    Denies the allegations contained in Paragraph 64 of the Complaint.

65.    Denies the allegations contained in Paragraph 65 of the Complaint.

66.    Denies the allegations contained in Paragraph 66 of the Complaint.

67.    Denies the allegations contained in Paragraph 67 of the Complaint.

68.    Denies the allegations contained in Paragraph 68 of the Complaint.

69.    Denies the allegations contained in Paragraph 69 if the Complaint, except admits that overnight camps are not permitted to open statewide and otherwise denies the allegations of Paragraph 69.

70.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegation that "All campers and staff will be subject to testing . . . until the commencement of camp," and otherwise denies the allegations of Paragraph 72.

73.    Denies knowledge or information sufficient to respond to the allegation that "No individual with a high-risk medical history will be allowed to attend camp, and staff of 50 years of age or older will be limited to those who test positive for Immunoglobulin G antibodies via a qualified laboratory," and otherwise denies the allegations of Paragraph

73.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation that "Camps also will implement protocols for proper spacing and configuration among beds to further guard against possible transmission," and otherwise denies the allegations of Paragraph 75.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegation that "overnight camps will restrict visitors and will not allow off-site activities," and otherwise denies.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     Denies the allegations contained in Paragraph 78 of the Complaint.

79.     Denies the allegations contained in Paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     Denies the allegations contained in Paragraph 83 of the Complaint, except admits that the State determined not to permit overnight children's camps to open in summer 2020,

that operating an overnight summer camp in 2020 would be unlawful and subject to enforcement and penalty, and that Plaintiffs in this action challenge the determination to close overnight camps for summer 2020.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Denies the allegations contained in Paragraph 85 of the Complaint.

86.     Denies the allegations contained in Paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 94 of the Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 105 of the Complaint.

106.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111.      Defendant's responses to Paragraphs 1-110 are incorporated as if separately set forth herein.

112.      Denies the allegations contained in Paragraph 112 of the Complaint.

113.      Denies the allegations contained in Paragraph 113 of the Complaint.

114.      Denies the allegations contained in Paragraph 114 of the Complaint.

115.      Denies the allegations contained in Paragraph 115 of the Complaint.

116.      Denies the allegations contained in Paragraph 116 of the Complaint.

117.      Denies the allegations contained in Paragraph 117 of the Complaint.

118.      Denies the allegations contained in Paragraph 118 of the Complaint.

119.      Denies the allegations contained in Paragraph 119 of the Complaint.

120.      Denies the allegations contained in Paragraph 120 of the Complaint.

121. Denies the allegations contained in Paragraph 121 of the Complaint.

122. Denies the allegations contained in Paragraph 122 of the Complaint.

123. Denies the allegations contained in Paragraph 123 of the Complaint.

124. Denies the allegations contained in Paragraph 124 of the Complaint.

125. Defendant's responses to Paragraphs 1-110 are incorporated as if separately set forth herein.

126. Denies the allegations contained in Paragraph 126 of the Complaint.

127. Denies the allegations contained in Paragraph 127 of the Complaint

128. Denies the allegations contained in Paragraph 128 of the Complaint.

129. Denies the allegations contained in Paragraph 129 of the Complaint.

130. Denies the allegations contained in Paragraph 130 of the Complaint.

131. Denies the allegations contained in Paragraph 131 of the Complaint.

132. Defendant's responses to Paragraphs 1-110 are incorporated as if separately set forth herein.

133. Denies the allegations contained in Paragraph 133 of the Complaint.

134. Denies the allegations contained in Paragraph 134 of the Complaint.

135. Denies the allegations contained in Paragraph 135 of the Complaint.

136. Denies the allegations contained in Paragraph 136 of the Complaint.

137. Denies the allegations contained in Paragraph 137 of the Complaint.

138. Denies the allegations contained in Paragraph 138 of the Complaint.

139. Denies the allegations contained in Paragraph 139 of the Complaint.

140. Defendant's responses to Paragraphs 1-110 are incorporated as if separately set

forth herein.

141.	Denies the allegations contained in Paragraph 141 of the Complaint.

142.	Denies the allegations contained in Paragraph 142 of the Complaint.

143.	Denies the allegations contained in Paragraph 143 of the Complaint.

144.	Denies the allegations contained in Paragraph 144 of the Complaint.

145.	Denies the allegations contained in Paragraph 145 of the Complaint.

146.	Denies the allegations contained in Paragraph 146 of the Complaint.

147.	Denies the allegations contained in Paragraph 147 of the Complaint.


## DEFENSES

1.	The complaint fails to state a claim upon which relief can be granted.

2.	Plaintiffs lack standing.

3.	The Complaint is barred, in whole or in part, by the Eleventh Amendment.

4.	Plaintiffs' claims are not ripe.

5.	Plaintiffs' claims are moot.

6.	This Court should abstain from consideration of Plaintiffs' claims.

WHEREFORE, Defendant respectfully asks that this Court deny the relief requested, dismiss the Complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
       July 30, 2020

                                    LETITIA JAMES
                                    Attorney General
                                    State of New York
                                    Attorney for Defendant
                                    The Capitol
                                    Albany, New York  12224

                                    By: s/ Chris Liberati-Conant
                                    Chris Liberati-Conant
                                    Assistant Attorney General, of Counsel
                                    Bar Roll No.   700466
                                    Telephone:     (518) 776-2584
                                    Email: christopher.liberati-conant@ag.ny.gov

TO:    Troutman Sanders
       By ECF